```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  08-23068-CIV-MOORE
                              MAGISTRATE JUDGE P.A. WHITE
AARON K. MARSH,               :

      Plaintiff,              :

v.                            :      REPORT RE DISMISSAL

SHERRIL ANN MILKE et al.,     :

      Defendants.             :
_____
```

The plaintiff, Aaron K. Marsh, currently detained at the Florida Civil Commitment Center, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff is involuntarily detained as a sexually violent predator pursuant the "Jimmy Ryce Act."[1] The plaintiff has failed to either pay the Clerk's $350.00 filing fee, and although he has not filed a motion to proceed in forma pauperis, he will be granted leave to proceed as such, as he has been granted leave in the past.

The plaintiff is well known in this Court and has filed multiple complaints:

      1.    Marsh v. Watson
           87-01417-Civ-Hastings
           §2254.
           Dismissed without prejudice 9/17/87.

      2.    Marsh v. Freeman, et al.
           91-0131-Civ-Davis
           §1983; Unlawful arrest;
           property loss.
           Dismissed on limitations; 12/9/91.

---

[1] Fla.Stat. §§394.910 to 394.931 (regarding involuntarily detention of sexually violent predators).

>        Appeal No. 92-4021 dismissed 8/7/92.

3.  <u>Marsh v. Farcas</u>
    91-0501-Civ-Davis
    §2254; Dade No. 86-21149
    (sexual battery).
    Denied 12/9/91.

4.  <u>Marsh, et al., v. PRIDE of Florida, et al.</u>
    92-14093-Civ-Paine
    §1983; racial discrimination in the workplace.
    Summary judgment for the defendants, 6/12/95.

5.  <u>Marsh v. State</u>
    94-2514-Civ-King
    §2254; Dade No. 92-28314
    (aggravated assault).
    Dismissed; lack of exhaustion; 3/28/95.

6.  <u>Marsh v. City of Miami, et al.</u>
➜   98-2343-Civ-Hoeveler
    §1983; Brutality; false arrest.
    Dismissed; failure to state claim; 10/13/99.

7.  <u>Marsh v. Bush, et al.</u>
    00-8471-Civ-Ryskamp
➜   §1983; Ryce Act commitment; conditions of confinement.
    Dismissed; failure to state claim; 6/26/01.
    Appeal No. 01-14261-E dismissed 2/26/02, as frivolous.

8.  <u>Marsh, et al., v. Kearney, et al.</u>
    00-9070-Civ-Hurley
➜   §1983; Ryce Act commitment; conditions of confinement.
    Dismissed, failure to state a claim, 3/1/01.

9.  <u>Marsh, et al., v. Kearney, et al.</u>
    01-8129-Civ-Ryskamp
➜   §1983; Ryce Act commitment; conditions of confinement.
    Dismissed, failure to state a claim 4/2/01.

10. <u>Marsh v. Wackenhut, et al.</u>
    01-8576-Civ-Ungaro-Benages
    §1983; Ryce Act; multiple claims.
    Dismissed with prej; 3/12/03.

11. <u>Marsh v. Kearney, et al.</u>
    02-20704-Civ-Moreno
➜   §1983; Ryce Act; multiple claims.
    Dism for failure to state a claim.
    Closed 7/24/02.

12. <u>Marsh v. Brenner</u>

        03-20999-Civ-King
➜    §1983; Ryce Act, multiple claims
        Dism 1915(e)(2)(B)(ii) failure to state a claim

## II.  Analysis

Pursuant to 28 U.S.C. §1915, the Court is required to conduct an initial screening of this complaint. Although portions of 28 U.S.C. §1915 are not applicable to civil detainees, see <u>Troville v. Venz</u>, 303 F.3d 1256, 1140 (11 Cir. 2002), the provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners; they apply to all persons proceeding <u>in forma pauperis</u>. <u>Troville</u>, supra; see also <u>Newsome v. Equal Employment Opportunity Commission</u>, 301 F.3d 227, 231-33 (5 Cir.) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under §1915(e)(2)(B)(i) and (ii)), <u>cert. denied</u>, 537 U.S. 1049 (2002); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9 Cir. 2001).

This statute reads in pertinent part, as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
>     \*   \*   \*
>
> (B) the action or appeal --
>
>     \*   \*   \*
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted;...

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

Claim

Because the plaintiff is not technically a prisoner, but a civil detainee this complaint cannot be dismissed under the theory of three strikes found in 29 U.S.C. §1915(g). However, review of this complaint reveals it to be without merit.

The petitioner alleges that Sherril Ann Milke, a Miami Resident, the City of Miami-Dade County, the Court Probate Division, Nilda Diaz, the Deputy Clerk, Judge Ellen Leesfield, Joyce Brenner, a Public Defender, Joe Doe, Esq. Personal representative of the Estate, Mr. Luis E. Barreto, Esq., the Put Something Back Program, and the Home Options Mortgage Bank, (names unknown) all conspired together to deprive him of his "Heirship" Benefits, Personal and Real Property Estate, as well as Deeds and Equity Redemption interest. As relief Marsh seeks to prohibit the defendants from selling the Estate home, damages for depriving him of his right to his inheritance, and an appointment of a Guardian Ad Litem to Determine Heirship in the Probate Court and a determination of beneficiaries and shares.

## Conclusion

This claim fails to state a claim pursuant to 42 U.S.C. §1983. To successfully state a claim pursuant to §1983, the plaintiff must establish that a person or persons, acting under color of state law, deprived him of a federally protected right under the Constitution of the United States. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).

Marsh has named defendants who either do not act under color of state law, or, as in the case of Judge Leesfield, enjoy

immunity from a suit for damages. See: Forrester v White, 484 U.S. 219 (1988).

A suit to determine Marsh's rights as to his inheritance must be brought in the proper probate court, and not in the United States District Court pursuant to §1983.

It is therefore recommended that this complaint be dismissed for failure to state a claim pursuant to 28 U.S.C §1915 (e)(2)(B)(ii).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

DONE AND ORDERED at Miami, Florida, this 17th day of November, 2008.

                                            UNITED STATES MAGISTRATE JUDGE

cc: Aaron K. Marsh, Pro Se
    Florida Civil Commitment Center
    Arcadia, Florida

    Address of Record